**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brooke Bailey and Joseph Green, Defendants,

Of whom Joseph Green is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-001655

———————

Appeal From Horry County
Ronald R. Norton, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-326
Submitted September 28, 2023 – Filed October 4, 2023

———————

**AFFIRMED**

———————

Amy Kristan Raffaldt, of Myrtle Beach, for Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA, of Myrtle Beach, for the Guardian ad Litem.

———————

**PER CURIAM:** Joseph Green (Father) appeals the family court's order terminating his parental rights to his minor child (Child). On appeal, Father argues the family court erred by (1) finding Child was harmed, and based on the severity or repetition of the abuse, Father's home was unlikely to be made safe within twelve months; Father failed to remedy the conditions that caused Child's removal; Child had been in foster care for fifteen of the most recent twenty-two months; and TPR was in Child's best interest; and (2) failing to admit an American Academy of Pediatrics (AAP) article into evidence. We affirm.

1. We hold the family court did not err in terminating Father's rights pursuant to section 63-7-2570(1) of the South Carolina Code (Supp. 2022) because clear and convincing evidence supported the family court's finding that Child sustained severe abuse. Child suffered a spiral fracture to his left humerus when he was twenty-seven days old, which Father asserted was an accidental injury caused by Child's sleep sack. Although both Father and the South Carolina Department of Social Services (DSS) presented expert testimony regarding the cause of Child's injury, the family court credited DSS's expert over Father's. DSS's expert was a medical doctor trained in diagnosing child abuse; he conducted testing to rule out other causes of injury such as genetic disorders and vitamin deficiencies; and he testified he could not find a case in the medical literature where a sleep sack caused a similar injury, nor had he encountered such a case in his work as a child abuse physician. *See Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011) (explaining that on appeal from the family court, this court reviews factual and legal issues de novo); *Nelson v. Nelson*, 428 S.C. 152, 172-73, 833 S.E.2d 432, 443 (Ct. App. 2019) (noting, however, this court is "not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony"); S.C. Code Ann. § 63-7-2570 (Supp. 2022) (stating the family court may terminate parental rights upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *id*. at § 63-7-2570(1) (stating a statutory ground for TPR is met when the child was harmed while residing in the parent's home "and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); *Stasi v. Sweigart*, 434 S.C. 239, 248, 863 S.E.2d 669, 673 (2021) ("[W]e require the facts supporting termination to be proven by clear and convincing evidence.").[1]

---

[1] Because we find clear and convincing evidence supports at least one statutory ground for TPR, we decline to address the remaining grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining

We hold the family court did not err in finding TPR was in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."). Child was removed from Father's home at twenty-seven days old and had been in foster care for over three years at the time of the TPR hearing. Both the guardian ad litem and Child's caseworker testified they believed TPR was in Child's best interest and Child was thriving in his foster placement. Moreover, according to DSS, Child's foster parents were an adoptive resource. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

2. We hold the issue of the admissibility of the AAP article is not preserved for this court's review because the family court never ruled on its admissibility. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[W]e are not precluded from finding an issue unpreserved even when the parties themselves do not argue error preservation to us.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.